HOYT (STEPHENSON v.). See Case No. 13,373.

HOYT (UNITED STATES v.). See Cases Nos. 15,409 and 15,410.

HOYT (WAKEMAN v.). See Case No. 17,-051.

HOYT (WILLISON v.). See Case No. 17,-772.

## Case No. 6,811.

### The H. P. BALDWIN.

[2 Abb. U. S. 257; 12 Int. Rev. Rec. 170; 3 Chi. Leg. News. 50; 5 Am. Law Rev. 564.] [1]

District Court, E. D. Michigan. Sept. 8, 1870.

#### COLLISION—REQUISITES OF LIBEL.

A libel for collision must state the facts constituting the fault in navigation on the ground of which damages are claimed against the vessel libeled. A mere general allegation that "she was so carelessly, negligently, unskillfully, and recklessly navigated that," &c., is not sufficient.

Exceptions to libel.

The libel in this case was filed by George W. Allen and Wells Burt, against the bark H. P. Baldwin, to recover damages for a collision. The claimants filed exceptions to the libel, for insufficiency in the statement of the cause of the collision.

Moore & Griffin, for libelant.

Newberry, Pond, & Brown, for claimants.

---

[1] [Reported by Benjamin Vaughan Abbott. Esq.. and here reprinted by permission. 5 Am. Law Rev. 564, contains only a partial report.]

LONGYEAR, District Judge. The libelant's vessel, the schooner Marquette, was bound on a voyage from Oswego to Chicago, and when in the Straits of Mackinaw, was collided with by the bark H. P. Baldwin. The manner and cause of the collision are stated in the third article of the libel, in the following language: "Third. That when the said schooner had so far proceeded on her said voyage, as to have reached the Straits of Mackinaw, and were off and a little above 'Old Mackinaw,' so called, and while running on the wind upon the port tack, with her proper watch, officers, and crew properly placed and vigilantly attentive to the care and safe navigation of their said schooner, with the proper signal lights properly placed and brightly burning, the bark H. P. Baldwin, in passing up by the starboard side, was so carelessly, negligently, unskillfully, and recklessly navigated by those in charge of her that she was made to run into, upon, and collide with the said schooner, the said bark striking the said schooner on the starboard side," &c. There are no other allegations in the libel as to the manner and cause of the collision. Articles 4 and 6 were alluded to on the argument as throwing further light upon this subject. But article 4 is confined to a statement of what efforts were made by the master and crew of the schooner to avoid the collision, and states, by way of fixing the period in the occurrences which resulted in the collision when such efforts were made, that they were made "as soon as the said bark headed towards and for the said schooner." And article 6 is the usual allegation that the bark was solely in fault. Is the allegation above quoted then, that the bark "was so carelessly. negligently, unskillfully, and recklessly navigated," as the cause of collision, a sufficient allegation?

There does not seem to be any well defined rule laid down in the books as to the degree of certainty requisite in stating the cause of collision. Mr. Parsons says: "How these things should be stated, we can better indicate by the forms we give in the appendix than in any other way; saying now only that the demand of the libelant should be so clearly stated that the respondent may know, without any doubt, what claims he must repel. The facts should be stated, also, that they may be·understood by all interested in knowing them, and the judge be able to see judicially, that they bring the case within his jurisdiction, and within the law of his court." 2 Pars. Shipp. & Adm. 380. On an examination of the precedents to which we are referred by Mr. Parsons, and also of those laid down by other authors, we find that in every instance of a libel for collision resulting from carelessness, &c., it is stated wherein the carelessness, negligence, unskillfulness, or recklessness consisted. I believe this to be

the only correct, practicable, and safe rule. To state that the navigation of the colliding vessel was careless, negligent, unskillful, or reckless, without stating wherein the carelessness, &c., consisted, is stating a mere conclusion. The facts should be stated so that the court may be able to see judicially that carelessness, &c., existed, and contributed to, or was the cause of the collision. I cannot see, in the application of this rule, any of the hardships contemplated by counsel for libellant in this case. It is true, the libelant cannot be presumed always to know and be able to state in his libel just what orders were given on the colliding-vessel, or all that was done upon it that resulted in the manoeuvers which brought about the collision, but he can state what those manoeuvers were, for if he has the necessary lookout, they can be and are always seen and known on board his own vessel. If the manoeuvers of the colliding vessel were such as to bring about the result when it was within the power, or it was the duty, of the colliding vessel to avoid the other, then it is sufficient to state what such manoeuvers were, accompanying such statements, of course, with a statement of the position. course, &c., of the respective vessels at the time such manoeuvers occurred, by which the court may be able to see what was the necessary result of such manoeuvers. I say such statement would. be sufficient, because, if such manoeuvers were in violation of the duty of the colliding vessel under the circumstances of the case, then they necessarily constitute, in and of themselves, careless. negligent, unskillful, and reckless navigation. For instance, in this case, if the colliding vessel, when in dangerous proximity to the libelant's vessel, suddenly changed her course, and the collision was thereby brought about, it would be sufficient to state that fact; or, if the two vessels were crossing, and so were within article 12 of the collision act (13 Stat. 60), or, if the colliding vessel was overtaking the other, and so was within article 17 of said act; and if in either of these cases the colliding vessel failed to observe the requirements of those articles, it would be sufficient to state these facts, for then the carelessness. &c., complained of would clearly appear from the facts stated.

I think the libel in this case falls far short of the necessary requisites as above indicated, in its statement of the cause of the collision. We might infer several things from the statements which are contained in the libel; but this is not sufficient in a matter of pleading. The facts must be clearly and positively stated, and not be left to inference, nor alleged by way of reference or recital merely. The exceptions are sustained, and the libelant will be granted leave to amend his libel. Order accordingly.